**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ALBERT WILLIAMS,**

    **Petitioner,**

**v.**                                            **Case No.  4:06cv142/WS/MD**

**JAMES R. MCDONOUGH,**

    **Respondent.**

_____

**REPORT AND RECOMMENDATION**

    **Before the court is a petition for writ of habeas corpus filed pursuant to Title 28 U.S.C. § 2254 (doc. 1).  Respondent has filed a motion for summary judgment (doc. 8) to which petitioner has replied (doc. 9).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that the issues raised in the instant petition were not properly exhausted in the State courts and are procedurally barred from consideration in this court.  Therefore, the motion for summary judgment should be granted and the case dismissed.**

**DISCUSSION**

    Petitioner seeks federal habeas relief based on his claim that the Florida Department of Corrections (DOC) has violated the *ex post facto* clause in Art. 1, § 9 of the United States Constitution.  He contends that although he was originally sentenced to prison in 1979, the DOC is using the formula contained in a 1983 amendment to a Florida Statute concerning basic and incentive gain time.  The DOC

is allegedly computing his incentive gain time under the new statute, which has the effect of lengthening his sentence.  In fact, he says, if the pre-1983 formula were being used, he would have served his sentence and would have been released by now.

The DOC has raised numerous contentions in support of its motion for summary judgment, but only one merits discussion because it is dispositive. Petitioner has failed to "fairly present" his federal constitutional claims to the state courts, and this court cannot review his claim.

### Exhaustion and Default

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. *Duncan, supra*, 513 U.S. at 365-66; *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Picard*, 404 U.S. at 277-78.

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve an constitutional issues by invoking *one complete round of the State's established review process.*" *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1733, 144 L.Ed.2d  1 (1999) (emphasis added).

Section 2254 provides, in pertinent part:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

>       (A)  the applicant has exhausted the remedies available in the courts of the State; or
>
>       (B) (i)  there is an absence of available State corrective process; or
>
>            (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
> . . . .
> (c)  *An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.*

(Emphasis added).  Thus, if a state prisoner in Florida has "any available procedure" by which he can present a federal constitutional claim for state court review, he must do so before seeking federal habeas relief.

In this case it is uncontested that petitioner filed administrative grievances concerning his gain time claims as required by DOC regulations. Under Florida law, habeas corpus may not be invoked unless all other remedies, including administrative remedies, have been exhausted. *Griggs v. Wainwright*, 473 So.2d 79, 50 (Fla. 1st DCA 1985); *Taylor v. Wainwright*, 418 So.2d 1095 (Fla. 5th DCA 1982)(exhaustion of administrative remedies is prerequisite to petition for writ of habeas corpus); *Comer v. Florida Parole Comm'n*, 388 So.2d 1341 (Fla. 1st DCA 1980) (petition for issuance of writ of habeas corpus would be dismissed for failure to exhaust administrative remedies); *Williams v. Wainwright*, 428 So.2d 725 (Fla. 1st DCA 1983) (trial court's summary denial of appellant's petition for writ of habeas corpus affirmed where appellant failed to exhaust administrative remedies); *Newsome v. Singletary*, 637 So.2d 9 (Fla. 2d DCA 1994) (as to challenges to the award of gain time, prisoners must exhaust administrative remedies); *Moore v. Singletary*, 624 So.2d 849 (Fla. 1st DCA 1993) (affirming trial court's denial of habeas corpus petition on grounds that petition was facially insufficient because it failed to

allege exhaustion of all available administrative remedies); *Pryor v. Singletary*, 709 So.2d 653 (Fla. 4th DCA 1998) (affirming dismissal of habeas corpus petition without prejudice to petitioner's right to reapply for habeas corpus or mandamus relief in the trial court upon a proper showing of legally sufficient grounds and exhaustion of administrative remedies). It appears that petitioner did go through the administrative process, although it is unclear that he fully exhausted every issue at every level. However, it makes no difference whether he fully exhausted administratively, because even if he did, he failed to take the next required step.

In order to meet § 2254's requirement of state court exhaustion he was required to seek habeas relief in the state circuit court, because if "he has the right under the law of the State to raise, by any available procedure, the question presented[,]" he must do so. § 2254(c). The available procedure under Florida law is a petition for mandamus or habeas corpus in the circuit court. *Williams v. Moore*, 752 So.2d 574, 575 (Fla. 2000) (holding that "the [state] circuit courts are the proper place to adjudicate these issues of fact" concerning the application of gain time for prisoners.) In *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003), the court held that discretionary review of a habeas petition to the Alabama Supreme Court under that state's law, even though discretionary with the court, was required, because discretionary review must be sought "[i]n order to satisfy the exhaustion requirement of 28 U.S.C. § 2254(c)," unless such review would be considered "extraordinary." The Florida Supreme Court in *Williams, supra*, made it clear that discretionary review in the circuit courts is not extraordinary, but is the proper place to resolve gain time issues. Petitioner was therefore required to take his case to the state courts for review, and by failing to do so, he did not meet the § 2254(c) exhaustion requirement before he filed the instant federal habeas petition.

An issue that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, *i.e.*, procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40, 848, 119

S.Ct. at 1734; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999). To overcome a procedural default, the petitioner must show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas court to reach the merits of a claim. *Tower*, 7 F.3d at 210; *Parker*, 876 F.2d 1470. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)). Lack of counsel or ignorance of available procedures is not enough to establish cause. *Tower v. Phillips, supra.* To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 85, 130 L.Ed.2d 808 (1995). Neither of those exceptions is present here.

Petitioner did not give the state courts one full opportunity to resolve his constitutional issues by invoking one complete round of the State's established review process. *Boerckel, supra*. Accordingly, it is respectfully RECOMMENDED that respondent's motion for summary judgment be GRANTED, that petitioner's Title 28 U.S.C. § 2254 petition for writ of habeas corpus be DISMISSED, and that the clerk be directed to close the file.

At Pensacola, Florida, this 18th day of September, 2007.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**